Affirmed and Opinion filed May 2, 2002









Affirmed
and Opinion filed May 2, 2002.

 

 

 

 

 

 

In The

 

Fourteenth
Court of Appeals

____________

 

NO.
14-01-00789-CR

____________

 

CEDRIC DEWAYNE BURKS,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 351st District Court

Harris County, Texas

Trial
Court Cause No. 855,734

 



 

O
P I N I O N

Appellant,
Cedric DeWayne Burks, was convicted by a jury of the offense of aggravated
robbery and sentenced to forty years= imprisonment and a fine of $5,000.  In one point of error, appellant contends the
trial court erred in admitting evidence of an extraneous offense at the
guilt/innocence phase of his trial.  We
affirm.








On
the afternoon of June 30, 2000, Sammy Tran withdrew $120,500 in cash from his
bank and drove to the supermarket he owned. 
Mr. Tran parked his vehicle, got out, and went to retrieve his monies
from the passenger side.  At that point,
appellant and an unidentified driver pulled up behind Mr. Tran=s
vehicle in a stolen automobile. 
Appellant, brandishing a semiautomatic firearm, and the driver, wielding
a screwdriver, exited their car.  
Appellant kept Mr. Tran away at gunpoint, while his companion broke the
passenger window of Mr. Tran=s vehicle with the screwdriver and took the cash.  The robbers, briefly pursued on foot by Mr.
Tran and a co-worker, then fled the scene in their vehicle.  A passing taxicab driver who had noticed the
commotion also gave chase, but stopped his pursuit when appellant fired  at his automobile.

Thereafter,
officials from Mr. Tran=s bank, concerned that a number of their customers had also
been robbed in similar fashion, alerted the Houston Police Department (AHPD@).  On September 15, 2000, officers of the HPD
Auto Theft Division Proactive Squad set up a sting operation.  That morning, an undercover officer left the
bank carrying two boxes which appeared to contain money.  Appellant and an associate, who had been parked
outside the bank for some time, followed as the undercover officer drove to the
parking lot of a grocery store.  Upon
arrival, the officer exited his vehicle, leaving the boxes behind, and strode
toward the store.  Appellant then blocked
the officer=s vehicle with his own, alighted, and smashed the driver=s
side window with a screwdriver, at which juncture he was arrested for burglary
of a motor vehicle. 

Following
his arrest, appellant was identified by Mr. Tran as having been the person who
brandished the firearm during the June 30, 2000,  robbery. 
Thereafter, appellant was charged with aggravated robbery, and it is
from his conviction for this offense that appellant brings this appeal.

In
his sole point of error, appellant contends the trial court erred in admitting
evidence of an extraneous offenseChis September 15, 2000, burglary of the undercover officer=s
motor vehicleCat the guilt/innocence phase of his trial because such evidence
was not relevant.  Specifically,
appellant avers the charged and extraneous offenses were so dissimilar as to
render the latter irrelevant on the issue of identity.  We disagree.








Here,
the State offered the extraneous offense to prove appellant=s
identity after appellant offered testimony supporting his alibi defense.  We review the trial court=s
determination of admissibility for purposes other than character conformity
under an abuse of discretion standard.  Harvey
v. State, 3 S.W.3d 170, 175 (Tex. App.CHouston [14th Dist.] 1999, pet. ref=d)
(citing Lane v. State, 933 S.W.2d 504, 519 (Tex. Crim. App. 1996); Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990)).  Identity and the rebuttal of defenses are
both valid purposes for admitting such evidence.  Id. (citing Lane, 933 S.W.2d
at 519).  An extraneous offense may be
admissible to show identity only when identity is an issue in the case.  Id. 
The issue of identity may be raised by the defendant during
cross-examination of the State=s witnesses.  Id.  Here, as appellant concedes, the issue of
identity was undoubtedly raised in the trial court by his counsel, who offered
the defense of alibi and cross-examined witnesses as to their ability to see
the perpetrator=s face during the robbery and the flight therefrom.

Merely
raising the issue of identity does not, however, automatically render
extraneous offenses admissible.  Id.  ATo be admissible to show identity, an extraneous offense must
be so similar to the offense charged that the offenses are marked as the
accused=s
handiwork.@  Lane, 933 S.W.2d
at 519 (citing Bishop v. State, 869 S.W.2d 342, 346 (Tex. Crim. App.
1993)).  Sufficient similarity may be
demonstrated Aby proximity in time and place or by a common mode of
committing the offenses.@  Id. (emphasis in
original).

In
the instant case, both the charged and extraneous offense occurred during
daylight hours on a Friday, after each victim departed the bank, alone, with
what appeared to be packages containing money. 
Further, both offenses occurred in the parking lot of grocery stores,
where appellant and a confederate, who had followed from the bank, blocked the
victim=s
vehicle with their own.  Finally, the
vehicles of both victims were entered by breaking their windows with a
screwdriver.








Appellant
contends the manner in which the two offenses were committed is not so similar
and unique as to rule out the possibility they were committed by different
perpetrators.  While there are slight
differences in the two offenses, we find the mode and surrounding circumstances
of their commission sufficiently similar to render the  evidence logically relevant to the rebuttal
of appellant=s alibi defense.  Lane,
933 S.W.2d at 519.  Accordingly, we
overrule appellant=s sole point of error.

The
judgment of the trial court is affirmed.

 

 

 

 

/s/        J.
Harvey Hudson

Justice

 

 

 

 

Judgment rendered and Opinion filed May 2,
2002.

Panel consists of Justices Hudson, Fowler,
and Edelman.

Do Not Publish C
Tex. R. App. P. 47.3(b).